IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHARLES BOUCK,

          Plaintiff,

v.                                                            CIVIL ACTION NO. 3:24-0712

DESIGN 1 GROUP, LLC,
SOLAR MOSAIC, LLC,
JENNINGS COLE,
CHRIS COLE, and
JON COLE,

          Defendants.

**MEMORANDUM OPINON AND ORDER**

Before the Court is Plaintiff Charles Bouck's Renewed Motion to Remand (ECF 35). For the reasons stated below, the Court **GRANTS** the Motion **in part** and **DENIES** the Motion **in part**. The Court will remand the case, but it will not award Plaintiff attorney fees and expenses.

**BACKGROUND**

Plaintiff originally filed this case in the Circuit Court of Cabell County, West Virginia. ECF 1, at 1. He sued Design 1 Group, LLC for fraud, negligence, and breach of contract. *See* ECF 1, Ex. 1, Compl. 5–6. He also alleged that both Design 1 and Solar Mosaic, LLC violated the West Virginia Consumer Credit and Protection Act. *See id.* at 7–8.

On April 1, 2024, the state court entered a default judgment against Design 1. ECF 1 ¶ 25. On December 10, 2024, Solar Mosaic removed the action to federal court. *See generally id*.

Design 1 did not consent to removal. *See id.* ¶ 25. In its Notice of Removal, Solar Mosaic asserted that "Design 1 is a nominal party and thus its consent for removal is not required." *Id.* ¶

7. In support of this assertion, Solar Mosaic filed (1) a document showing that Design 1's Tennessee business license was revoked on August 11, 2024, *see* ECF 1, Ex. 2, at 2, (2) a document showing that Design 1's West Virginia business license was terminated on March 14, 2025, *see* ECF 14, Ex. A, at 1, (3) a document showing that Design was "inactive" in Virginia as of January 17, 2025, *see* ECF 14, Ex. B, at 1, (4) a screenshot from the Better Business Bureau's website indicating the Design 1 is "believed to be out of business,"[1] ECF 14, Ex. E 1, and (5) a receipt showing that service of Plaintiff's Second Amendment Complaint was returned to its sender because Design 1 no longer had a mailing address, *see* ECF 14, Ex. D 3–4.

Plaintiff filed a motion to remand the case on January 8, 2025, *see* ECF 8, but the case was stayed, and Plaintiff's motion denied as moot, after Solar Mosaic filed a Suggestion of Bankruptcy and Notice of Automatic Stay, *see* ECF 27. Plaintiff filed his Renewed Motion to Remand after the Court lifted the stay. *See* ECF Nos. 34, 35. Defendant opposes the Motion, arguing that it did not need Design 1's consent to remove the case because Design 1 is a nominal party. *See* ECF 40, Def.'s Resp. 1.

## LEGAL STANDARD

Generally, a district court must remand a case back to state court unless all defendants consented to removal. *See Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013). Courts, however, have "long recognized an exception to the rule of unanimity, which states that a nominal party need not consent to removal." *Id.* "Nominal means simply a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal." *Id.* at 260; *see also id.* ("[T]he word nominal should be taken to mean . . . 'trifling' or 'existing in name only.'" (quoting *Black's Law Dictionary* 1149 (9th ed. 2009))). The Fourth

---

[1] It is unclear when the screenshot was taken.

Circuit has held that "[d]etermining nominal party status is a practical inquiry, focused on the particular facts and circumstances of a case . . . ." *Id.*

A party's nominal status "is evaluated with respect to [the] record as it existed at the time of removal." *Wygal v. Litton Loan Servicing LP*, Civ. A. No. 5:09-cv-00322, 2009 WL 2524701, at *6 (S.D. W. Va. Aug. 18, 2009); *see also In re Beazley Ins. Co.*, No. 09-20005, 2009 WL 7361370, at *4 (5th Cir. May 4, 2009) (en banc) (per curiam) ("[W]e look to whether a party was nominal at the *time of removal* rather than considering any subsequent events." (emphasis in original)).

"[W]hen removal is challenged, the removing party bears the burden of demonstrating that removal jurisdiction is proper. *Bartels v. Saber Healthcare Group, LLC*, 880 F.3d 668 (4th Cir. 2018) (emphasis in original omitted) (quoting *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296–97 (4th Cir. 2008)).

## ANALYSIS

### A. Solar Mosaic Has Not Established that Design 1 Was a Nominal Party

Plaintiff argues that a party is nominal for removal purposes only if it is no longer a legal entity. *See* ECF 36, Pl.'s Mem. 8–9. In support of his argument, he cites *Bellone v. Roxbury Homes, Inc. See id.* at 9. The district court in *Bellone* determined that a corporate defendant was not nominal, even though it was no longer operating as a business, because it was still a licensed corporation. *See Bellone v. Roxbury Homes, Inc.*, 748 F. Supp. 434, 437 (W.D. Va. 1990).

Plaintiff's position is at odds with the Fourth Circuit's standard for determining a party's nominal status. In *Hartford Fire*, the Fourth Circuit set out a flexible test based "on the particular facts and circumstances of a case." If the appeals court instead wished to adopt a bright-line rule based on a defendant's status as a legal entity, it would have said so. Accordingly, the Court

declines to follow *Bellone*. Instead, the Court agrees with Solar Mosaic that a company may be a nominal party simply because it has no assets and does not actively engage in business. *See* Def.'s Resp. 3; *Egle Nursing Home, Inc. v. Erie Ins. Group*, 981 F. Supp. 932, 933 (D. Md. 1997).

That said, Solar Mosaic has not established that Design 1 was no longer engaging in business when Solar Mosaic removed this case. As noted above, a party's nominal status is evaluated with respect to the record as it existed at the time of removal. While Design 1's Tennessee business license was revoked before Solar Mosaic removed the case, its Virginia and West Virginia licenses did not become inactive until later. That Design 1 had ceased doing business in Tennessee does not demonstrate that it had ceased doing business in other states. Accordingly, Solar Mosaic has not demonstrated that Design 1 was a nominal party when Solar Mosaic filed its Notice of Removal. Since Design 1 did not consent to removal, the Court must remand Plaintiff's action to state court.

### B. Plaintiff Is Not Entitled to Fees and Costs

Plaintiff asks the Court to award him "fees, costs, and expenses incurred as a result of the removal." Pl.'s Mem. 11.

The Supreme Court has held that "courts may award attorney's fees . . . only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Frankin Capital Corp.*, 546 U.S. 132, 141 (2005). Plaintiff argues that Solar Mosaic lacked an objectively reasonable basis for seeking removal. *See* Pl.'s Mem. 11.

The Court disagrees. While the Court adopts the rule that a party's nominal status is evaluated with respect to the record as it existed at the time of removal,[2] Plaintiff did not point to any binding authority in support of that proposition. Solar Mosaic, then, could have reasonably

---

[2] The Court does so in part because Solar Mosaic did not object to Plaintiff's reliance on that rule.

believed that the Court would consider evidence post-dating the removal in determining whether Design 1 is a nominal party. This evidence would have demonstrated that Design 1 is a nominal party, even under Plaintiff's proposed legal-entity test. Accordingly, Solar Mosaic had a reasonable basis for seeking removal. The Court will not award Plaintiff fees and costs.

## CONCLUSION

The Court **GRANTS in part** and **DENIES in part** Plaintiff's Renewed Motion to Remand (ECF 35). The Court **REMANDS** this case to the Circuit Court of Cabell County, West Virginia. The Court **DENIES** Plaintiff's request for an award of fees and costs.

Since the Court remands this case, the Court **DENIES** Solar Mosaic's pending Motion to Compel Arbitration (ECF 30) **as moot**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:     March 2, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE